# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DAVID CODY**                                                                                         **PLAINTIFF**

**V.**                              **NO. 3:17-CV-00316-BD**

**SOCIAL SECURITY ADMINISTRATION**                                                  **DEFENDANT**

## ORDER

**I.   Introduction:**

On July 8, 2015, David Cody applied for disability benefits, alleging disability beginning on January 9, 2015. (Tr. at 10) Mr. Cody's claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Cody's application. (Tr. at 19) Mr. Cody requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Cody filed this case seeking judicial review of the decision denying her benefits. The parties have consented to this court's jurisdiction. (Docket entry #4)

**II.  The Commissioner's Decision:**

The ALJ found that Mr. Cody had not engaged in substantial gainful activity since the alleged onset date of January 9, 2015. (Tr. at 12) At step two of the five-step analysis, the ALJ found that Mr. Cody had the following severe impairments: osteoarthritis, degenerative joint disease, hypertension, shoulder impingement, and plantar fasciitis. *Id*.

After finding that Mr. Cody's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Mr. Cody had the residual functional

capacity ("RFC") to perform light work, with some additional limitations. *Id.* He could not perform frequent reaching with the non-dominant upper extremity, but could perform unlimited reaching with the dominant upper extremity. *Id*. He could only occasionally crouch, crawl, and kneel. *Id*.

The ALJ found that Mr. Cody was unable to perform any past relevant work. (Tr. at 17) At step five, however, the ALJ relied on the testimony of a Vocational Expert ("VE") to find, based on Mr. Cody's age, education, work experience and RFC, that he was capable of performing work in the national economy as furniture rental consultant and counter clerk. (Tr. at 18) The ALJ determined, therefore, that Mr. Cody was not disabled. (Tr. at 19)

### III. <u>Discussion</u>:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B. Mr. Cody's Arguments on Appeal

Mr. Cody argues that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ should have found his back disorder to be a severe impairment, that the RFC exceeded Mr. Cody's abilities, and that the credibility analysis was flawed.

The Court agrees that Mr. Cody's back disorder should have been ruled a severe impairment. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); see *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

Whether an impairment is severe is an important issue because it affects the RFC determination. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ bears the primary

responsibility for assessing a claimant's RFC – that is, what he or she can still do, in spite of *severe impairments*. *Wildman*, 596 F.3d at 969. If an impairment is non-severe, then the ALJ does not consider it in the RFC analysis, or pose a hypothetical to the VE involving that impairment.

In May of 2014, Mr. Cody complained of low back pain and was tender to palpation over the lumbar spine. (Tr. at 419-420). He was diagnosed with arthralgias and joint pain. *Id*. A month later, he complained of low back pain again, and reported that physical therapy was not helping. (Tr. at 328)

In August of 2014, Mr. Cody had tenderness and limited range of motion in the lumbar spine. (Tr. at 348) His doctor diagnosed low back pain and prescribed hydrocodone. (Tr. at 349) Mr. Cody was again diagnosed with low back pain in December of 2014, and he was referred for pain management. (Tr. at 369)

In January of 2015, Mr. Cody again complained of low back pain, and in February of 2015, when he went to a pain management specialist, he demonstrated painful range of motion in his back. (Tr. at 320, 285-286) Flexion was moderately restricted and extension and lateral bending were severely restricted. (Tr. at 273) Mr. Cody had moderate muscle spasm in the paraspinal lumbar area, and severe tenderness at L1-L2. *Id*. A straight-leg raise was strongly positive for back pain, and a Patrick's test was also positive. *Id*. The pain management specialist noted that Mr. Cody's back was "pretty bad." (Tr. at 274) He recommended lumbar facet injections. *Id*. The doctor prescribed Zanaflex for muscle spasms. *Id*.

A lumbar MRI showed spinal lipomatosis, minor disc bulges, minimal facet arthropathy, mild thecal sac narrowing, and central canal stenosis at L1-L5. (Tr. at 561) The MRI showed marked thecal sac narrowing at L5-S1 and mild bilateral foraminal stenosis at L3-L4. *Id*. In May and June of 2016, Mr. Cody complained of back pain, and a lumbar x-ray confirmed the diagnosis of chronic pain. (Tr. at 529-531)

On August 12, 2016, Joseph Yao, M.D., an orthopedic doctor, filled out a medical source statement. (Tr. at 538-539) The records confirm that Dr. Yao had seen Mr. Cody in 2015 and 2016. Dr. Yao estimated that Mr. Cody could walk and stand less than two hours during the day, and would need a break after 20 minutes. (Tr. at 538) He said that Mr. Cody could work at a sedentary job. *Id*.

The objective medical evidence, paired with Dr. Yao's opinion, indicates that Mr. Cody would have significant limitations caused by his back condition. In several Eighth Circuit cases with similar medical histories, ALJs found back conditions to be severe impairments. *Hensley v. Colvin*, 829 F.3d 926, 929 (8th Cir. 2016) (claimant had mild spurring in the thoracic region, elements of back strain, but full flexion in the lower back); *Milam v. Colvin*, 794 F.3d 978, 980 (8th Cir. 2015) (claimant had mild to moderate canal narrowing without signal abnormality, and was treated with injections and Zanaflex); *Beckley v. Apfel*, 152 F.3d 1056, 1058 (8th Cir. 1998) (MRI showed mildly bulging discs with hemangiomas in the lumbar spine, and claimant was treated with injections and pain medications). Mr. Cody also had mild to moderate examination findings and he was treated with injections and medications. On several occasions, range of motion was limited, and he had a positive straight-leg raise. He walked with a cane,

5

and indicated that he had trouble sleeping because of pain. (Tr. at 29, 316) He also stated physical therapy did not help his condition. (Tr. at 35)

Mr. Cody rightly argues that, by ruling out back pain as a severe impairment at step two, the ALJ short-circuited the RFC question. Since the RFC did not entertain limitations from back pain, the VE testimony about jobs available based on the RFC was not sufficient. Because the ALJ erred at step two, reversal is warranted.

## IV. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred in his step two determination. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 19th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE